UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Albert Adams<br>                Debtor<br><br>Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSRMF MH Master Participation Trust II<br>Movant<br>v.<br><br>Albert Adams<br>Meagan Adams- Co-Debtor<br>Kenneth E. West Trustee<br>                Respondents | Case No.: 22-11969-mdc<br><br>Chapter: 13<br><br>Judge: Magdeline D. Coleman<br><br>Hearing Date:    December 6, 2022 at 10:30 am<br><br>Objection Deadline:    November 21, 2022 |

**<u>MOTION FOR RELIEF FROM THE
AUTOMATIC STAY AND RELIEF FROM THE CO-DEBTOR STAY</u>**

Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSRMF MH Master Participation Trust II (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1), vacating the automatic stay and co-debtor stay pursuant to 11 U.S.C. § 1301 to permit Movant to enforce its mortgage on the Debtor's premises located at 1620 Yagle Avenue, Prospect Park, PA 19076 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

    1.    Movant is the holder of a Note executed by Debtor Albert J Adams and Co-Debtor Meagan Adams and dated March 13, 2008, whereby the Debtor promised to repay $68,817.00 plus interest to JPMorgan Chase Bank, N.A. (the "Original Lender"). To secure the repayment of the Note, the Debtor and Co-Debtor executed a Mortgage in favor of Original Lender,

encumbering the Property, which was recorded in Recorder of Deeds Office in Delaware County, Pennsylvania at Book 04334, Page 1738.  The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage.  A copy of the Note, Mortgage and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on July 28, 2022.

3. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The Debtor has failed to make current mortgage payments due to Movant under the terms of the Mortgage. As a result, the Mortgage remains post-petition due for August 1, 2022.

6. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

7. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

8. Plaintiff incurred attorney's fees in the amount of $1,050.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

9. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests

that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

10.     Movant may be irreparably harmed by the continuation of the Co-Debtor stay absent payments from the Debtor or Co-Debtor. Accordingly, the Co-Debtor stay should be modified pursuant to 11 U.S.C. § 1301(c)(3) and Movant should be permitted to proceed against the Co-Debtor, Meagan Adams.

11.     In addition, Movant requests an Order allowing Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtor without further order of the court.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1); vacating the co-debtor stay of 11 U.S.C. § 1301 and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated:  November 7, 2022

By:  /s/ Lauren M. Moyer
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
Bankruptcy@FriedmanVartolo.com